**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

HAIBIN WANG,

Petitioner,

v. Case No. 1:26-cv-01815 KWR-JMR

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE. Petitioner received a bond hearing but asserts in part that (1) the bond hearing was inadequate or his detention decision violates due process and (2) his prolonged detention violates procedural due process. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED.**

**BACKGROUND**

Petitioner is a citizen of China and is currently detained by ICE at the Otero County Processing Center. Petitioner was arrested pursuant to a warrant by ICE on or about November 13, 2025. Pet. ¶ 18, Doc. 1; Doc. 7-3 at 1. Petitioner filed his first habeas Petition on March 4, 2026. *See Wang v. Castro,* No. 2:26-cv-00654 KWR/JFR (D.N.M.). On April 6, 2026, the Court

granted the petition in part and ordered a bond hearing under 8 U.S.C. 1226(a). Petitioner received a bond hearing on April 13, 2026. Doc. 7-4 at 1[1]. The immigration judge denied release, stating as follows:

> Flight Risk: Manner of entry is EWI; Recent entry into the United States in 2024; form of relief is speculative; lack of ties to the United States.
> Matter of Hurtado may still apply in his case.

Doc. 7-4 at 1. It appears that Petitioner was ordered removed on June 17, 2026. An appeal of the removal order was received on July 13, 2026 and is currently pending. Doc. 7-5 at 1.

Petitioner asserts that his bond decision was inadequate or erroneous. He also asserts that his detention is prolonged in violation of procedural due process.

**DISCUSSION**

First, to the extent he challenges the flight risk determination, the Court lacks authority to review that decision. Moreover, he fails to assert a due process violation at his bond hearing. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision

[1] Petitioner asserts that he also received a bond hearing on March 19, 2026, and that this court concluded in the prior case that this bond decision was inadequate. But Petitioner does not cite to the record where he alerted the Court that he received a prior bond hearing, or where the Court concluded that this bond hearing was inadequate. Therefore, Petitioner failed to carry his burden on this point. Petitioner also asserts that this Court ordered the burden to be shifted to the Government at the bond hearing. But the Court did not order such relief.

precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Petitioner clearly challenges the finding that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). As explained below, Petitioner challenges the immigration judge's determination of a flight risk. This does not constitute a constitutional violation.

Petitioner asserts that the written order denying bond is inadequate or does not provide a sufficient explanation for denying release. But Petitioner does not describe the immigration judge's oral ruling at the hearing, provide a proffer of the hearing or oral ruling, or provide a transcript.

He does not allege that the immigration judge's oral ruling was inadequate. In the Court's experience reviewing hundreds of habeas petitions, the immigration judge's decision is contained in an oral ruling. Immigration judges generally make an oral ruling explaining why bond was denied. Petitioner does not assert that the immigration judge failed to make an oral ruling.

Petitioner asserts that the immigration judge's written decision is not sufficiently individualized because it fails to adequately analyze the *Guerra* factors. He asserts that he presented overwhelming evidence at his bond hearing, and the immigration judge should have ruled in his favor. He also asserts that the immigration judge placed improper weight on some factors over others. As explained above, this is exactly the type of discretionary decision which the Court is barred from considering.

Petitioner has not demonstrated that any mis-weighing of the *Guerra* factors or evidence constitutes a due process violation, rather than mere error. At the bond hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one

factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be approved). Here, the immigration judge expressly considered several factors in his written order. To the extent the immigration judge erred, Petitioner failed to establish that this error constitutes a due process violation.

Petitioner asserts that the immigration judge failed to explain how the Government met its clear and convincing burden. But the Court did not order the immigration judge to switch the burden to the Government in its prior habeas decision. Moreover, Petitioner fails to cite to any authority that the burden is placed on the Government. Petitioner therefore failed to carry his burden on this point. Alternatively, as this Court has previously explained in *Montero Cordova*, due process does not require that the burden be placed on the Government when a noncitizen is detained under § 1226(a). The Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026) and denies Petitioner's due process claim based on burden-shifting. *See also* Order, *Arora v. Dedos,* No. 1:26-cv-01345, Doc. 9 (D.N.M.). As explained in *Montero Cordova* and *Arora,* the *Mathews* factor do not warrant shifting the burden at any bond hearing to the

Government under the circumstances of this case. And Petitioner does not establish that a due process violation requires the Court to place the burden on the Government at any bond hearing.

*Second,* in this case, Petitioner asserts that his prolonged detention violates procedural due process. Petitioner was detained in November 2025. But Petitioner received a bond hearing in April 2026. Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to another bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[2] The Court need not decide which line of cases to follow.[3] Here, Petitioner received a bond hearing less than six months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release. Notably, in the cases above the remedy contemplated was an additional bond hearing. Petitioner has not asserted that any request for another bond hearing was denied.

Alternatively, Petitioner has not demonstrated how his detention is prolonged in violation of due process. Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principle of

---

[2] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.

[3] Alternatively, the Court would follow *Borbot* and *Rodriguez*.

party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See, e.g., United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a)

("A motion, response or reply must cite authority in support of the legal positions advanced."). These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Here, Petitioner failed to carry his burden to show a due process violation for prolonged detention. Notably, Petitioner asserts a procedural due process claim under *Mathews,* and does not assert a substantive due process claim. *See* Doc. 1 at 9-10. The Court declines to assert a substantive due process claim on his behalf.

Finally, Petitioner appears to assert that his detention violates *Zadvydas*. Zadvydas applies where a final order of removal is entered, but it appears that a final order of removal has not been entered in this case. It appears that a removal order was issued in June 2026. An appeal was filed in July 2026 and remains pending. Therefore, the order of removal is not final and *Zadvydas* does not apply.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE